**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                  Plaintiff,

      v.

**MICHAEL B. WILLHOIT,**
[DOB: 01-07-1953]

                Defendant.

**No. 19-3074-01-CR-S-BP**

**COUNTS ONE THROUGH TWELVE**
(Bank Fraud)
18 U.S.C. § 1344
NMT 30 Years Imprisonment
NMT $1,000,000 Fine
NMT 5 Years Supervised Release
Class B Felony
Mandatory Restitution

**COUNTS THIRTEEN THROUGH
TWENTY-FOUR**
(False Statements to Bank)
18 U.S.C. § 1014
NMT 30 Years Imprisonment
NMT $1,000,000 Fine
NMT 5 Years Supervised Release
Class B Felony
Mandatory Restitution

**COUNTS TWENTY-FIVE THROUGH
THIRTY-SIX**
(Aggravated Identity Theft)
18 U.S.C. § 1028A
NLT 2 Years Imprisonment – Consecutive
to all other counts
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**FORFEITURE ALLEGATION**
18 U.S.C. § 982

$100 Mandatory Special
Assessment-Each Count

# I N D I C T M E N T

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

## PARTIES AND ENTITIES

1.     **MICHAEL B. WILLHOIT,** (herein "WILLHOIT") was the owner and operator of Willhoit Enterprises, with a business address in Greene County, Missouri, within the Western District of Missouri.   During the years of 2013 through 2018, WILLHOIT was a buyer and seller of luxury, high-end, expensive automobiles.

2.     **OLD MISSOURI BANK** (herein "Old Missouri") is a financial institution located in Springfield, Missouri, which is an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act), and is a "financial institution" under Title 18, United States Code, Section 20.

3.     **FREEDOM BANK OF SOUTHERN MISSOURI** (herein "Freedom Bank") is a financial institution located in Cassville, Missouri, which is an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act), and is a "financial institution" under Title 18, United States Code, Section 20.

4.     **BANK OF MISSOURI** is a financial institution located in Springfield, Missouri, which is an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act), and is a "financial institution" under Title 18, United States Code, Section 20.

5.     **OAKSTAR BANK** is a financial institution located in Springfield, Missouri, which is an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Act), and is a "financial institution" under Title 18, United States Code, Section 20.

2

6. **WOOD AND HUSTON BANK** is a financial institution located in Springfield, Missouri, which is an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Act), and is a "financial institution" under Title 18, United States Code, Section 20.

7. **WILLHOIT ENTERPRISES** was a business owned and operated by WILLOIT during at least the years of 2010 through 2018, which purchased luxury, high-end, expensive automobiles, to then resell to other parties.   WILLHOIT's role in the business was as the owner, operator, manager, and sales person for the company.

## INTRODUCTION

8. Beginning January 1, 2014 through February 28, 2018, said dates being approximate, WILLHOIT as owner, operator, and manager of Willhoit Enterprises applied for and received loans, also known as floor-plan loans, from various financial institutions throughout the Springfield, Missouri area, the Western District of Missouri, and elsewhere.

9. The financial institutions that WILLHOIT obtained floor-plan loans from included, but are not limited to, Wood and Huston Bank, Old Missouri Bank, Freedom Bank, OakStar Bank, and Bank of Missouri.

10. The purpose of the floor-plan loans applied for by WILLHOIT was to purchase luxury, high-end, expensive automobiles.

11. As a part of the floor-plan loan approval process, WILLHOIT, through Willhoit Enterprises, submitted a "purchase agreement" to a financial institution once he and the seller of an automobile had agreed to the terms and price that WILLHOIT would pay to purchase the vehicle.

3

12.     The "purchase agreement" included the date of purchase; the seller's name, address, phone number; the description of the vehicle to be purchased; the vehicle's identification number (VIN); the purchase price; and the personal signatures of both WILLHOIT and the seller.   The "purchase agreement" was a document that expressly stated to a financial institution that WILLHOIT and the seller had expressly agreed to a transaction that would result in the sale of the vehicle to WILLHOIT.

13.     Upon receiving the "purchase agreement," that set forth the terms of WILLHOIT'S purchase of the automobile, the specific financial institution involved in the transaction determined whether to grant the floor-plan loan request and transfer the necessary amount of money into WILLHOIT'S account, therein allowing WILLHOIT to purchase the vehicle.

14.     As a part of his floor-plan loan agreement, WILLHOIT represented that he would use the specific loan to then purchase the automobile specified within the "purchase agreement."

15.     As a part of his floor-plan loan agreement with the financial institution, WHILLHOIT agreed to a loan repayment schedule.   WILLHOIT specifically agreed to repay each loan in full, plus any accrued interest, once he resold the specific vehicle to a new buyer.

16.     WILLHOIT, through his business, Willhoit Enterprises, entered into floor-plan loan agreements, as described above with numerous financial institutions, in order to buy and sell luxury, high-end, expensive cars throughout the United States.

4

## COUNTS ONE THROUGH TWELEVE
(Bank Fraud-Title 18, United States Code, Section 1344)

### The Scheme and Artifice to Defraud

17.     The factual allegations contained in paragraphs 1-16 of this indictment are incorporated by reference herein to fully describe the scheme and artifice devised by WILLHOIT

18.     Beginning on or about January 1, 2014 through February 28, 2018, said dates being approximate, **MICHAEL B. WILLHOIT** devised a scheme and artifice to defraud, by means of materially false or fraudulent, pretenses, representations, or promises, to obtain moneys, funds, credits, assets, securities, or other property, owned by or under the custody or control of Old Missouri Bank, Wood and Huston Bank, Freedom Bank, OakStar Bank, and Bank of Missouri.

19.     As part of the scheme and artifice, WILLHOIT, obtained floor-plan loans from Old Missouri Bank, Wood and Huston Bank, Freedom Bank, OakStar Bank, and the Bank of Missouri, all located in either Barry or Greene County, Missouri, within the Western District of Missouri, to finance the purchase of high-end, luxury automobiles that he purported to sell through his business, Willhoit Enterprises, also located in Greene County, Missouri, within the Western District of Missouri.

20.     WILLHOIT then submitted a "purchase agreement" to the financial institution requesting funds from his floor-plan loan be released to his business account for the purpose of buying the vehicle identified within the "purchase agreement".

21.     As a result of WILLHOIT'S representation that he was purchasing the vehicle described within the "purchase agreement", the financial institution deposited money to WILLHOIT'S business bank account.

5

22.     WILLHOIT then used the monies obtained from the financial institution for expenses other than what was represented to the financial institution, and not to purchase the vehicle set forth within the "purchase agreement."

23.     Beginning on or about January 1, 2014 through February 28, 2018, WILLHOIT submitted at least 12 "purchase agreements" to various financial institutions, including but not limited to Old Missouri Bank, Wood and Huston Bank, Freedom Bank, OakStar Bank, and Bank of Missouri, that WILLHOIT declared constituted an agreement between the seller of the vehicle and WILLHOIT to purchase the vehicle, as set forth within the document.   In fact, each of these 12 "purchase agreements" were falsified, faked or forged, and were either created by, or were caused to be submitted by WILLHOIT, and contained material false or fraudulent pretenses, representations, or promises, in order to draw money from the floor-plan loan.   The sellers who were identified on the falsified, faked or forged "purchase agreements" submitted by WILLHOIT to any one of the aforementioned financial institutions, did not sell the vehicle as represented within the document, did not receive any monies as a result of the alleged transaction, did not sign the document submitted to the financial institution, and at the time of the alleged transaction, did not own or possess the vehicle WILLHOIT represented to be part of the "purchase agreement."

24.     Based upon WILLHOIT'S submission of each falsified, faked or forged "purchase agreement" containing materially false or fraudulent pretenses, representations, or promises, the financial institution that received the fraudulent "purchase agreement" released monies from its control and custody and deposited the money into WILLHOIT'S business bank account, Willhoit Enterprises, during a period of time beginning on or about January 1, 2014 through February 28, 2018.   In total, Old Missouri Bank, Wood and Huston Bank, Freedom Bank, OakStar Bank, and

Bank of Missouri transferred approximately $1,404,000, from the care and custody of the financial institution to WILLHOIT'S business account with that financial institution, based on the fraudulent representations in these 12 "purchase agreements." But for the WILLHOIT'S submissions, the false, faked or forged "purchase agreements" containing materially false or fraudulent, pretenses, and representations, none of the aforementioned financial institutions would have transferred any of the monies from the care and custody of the financial institution WILLHOIT'S business account.

## The Charges

25. The factual allegations contained in paragraphs 1 through 24 of this indictment are incorporated by reference herein to fully describe the scheme and artifice devised by WILLHOIT.

26. On or about the dates cited below, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, WILLHOIT, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud, and obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Old Missouri Bank, Freedom Bank, OakStar Bank, Wood and Huston Bank, and Bank of Missouri, financial institutions, as defined under Title 18, United States Code, Section 20, in violation of Title 18, United States Code, Sections 1344.

| COUNT | DATE | ACT OR ATTEMPTED ACT OF EXECUTION |
|---|---|---|
| 1 | June 7, 2017 | WILLHOIT submitted or caused to be submitted to Old Missouri Bank a purchase agreement in the amount of $115,000 for the purchase of a 1997, 911 C2S Porsche with vehicle identification number WP0AA2990VS322745. The purchase agreement was purportedly signed by either |

7

| | | David McCart or Robert Shillington. In fact, the purchase agreement was not signed by either McCart or Shillington, and the purported sellers had not agreed to sell said vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Old Missouri Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Old Missouri Bank disbursed $103,752.50 into WILLHOIT 's business bank account, on or about June 7, 2017. |
|---|---|---|
| 2 | November 28, 2017 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $135,000 for the purchase of a 1997, 911 C2S Porsche with vehicle identification number WP0AA2990VS322745. The purchase agreement was purportedly signed by either David McCart or Robert Shillington. In fact, the purchase agreement was not signed by either McCart or Shillington, and the purported sellers had not agreed to sell said vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Freedom Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Freedom Bank disbursed $135,000 into WILLHOIT 's business bank account, on or about November 28, 2017. |
| 3 | July 30, 2015 | WILLHOIT submitted or caused to be submitted to OakStar Bank a "purchase agreement" in the amount of $61,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The purchase agreement was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell said vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the OakStar Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's |

| | | misrepresentations, OakStar Bank disbursed $61,000 into WILLHOIT's business bank account, on or about July 30, 2015. |
|---|---|---|
| 4 | January 29, 2016 | WILLHOIT submitted or caused to be submitted to Bank of Missouri a "purchase agreement" in the amount of $75,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The "purchase agreement" was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the Bank of Missouri to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, the Bank of Missouri disbursed $75,000 into WILLHOIT 's business bank account, on or about January 29, 2016. |
| 5 | October 18, 2016 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $77,500 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The "purchase agreement" was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Freedom Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Freedom Bank disbursed $77,000 into WILLHOIT 's business bank account, on or about October 18, 2016. |
| 6 | October 18, 2017 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $85,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. |

9

| | | |
|---|---|---|
| | | The "purchase agreement" was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the Bank of Missouri to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, the Bank of Missouri disbursed $82,000 into WILLHOIT 's business bank account, on or about October 18, 2017. |
| 7 | January 11, 2018 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $166,500 for the purchase of a 1994, 911 Turbo Porsche with vehicle identification number WP0AC2960RS48 0086. In fact, the "purchase agreement" was purportedly signed by Phil J. Spell. The "purchase agreement" was not signed by Spell and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the Bank of Missouri to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Bank of Missouri disbursed $165,730 into WILLHOIT 's business bank account, on or about January 11, 2018. |
| 8 | April 27, 2017 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $150,000 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the Bank of Missouri to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of the misrepresentations, WILLHOIT's Bank of Missouri |

10

| | | disbursed $150,000 into WILLHOIT 's business bank account, on or about April 27, 2017. |
|---|---|---|
| 9 | June 23, 2017 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $119,500 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Freedom Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Freedom Bank disbursed $109,380 in to WILLHOIT 's business bank account, on or about June 23, 2017. |
| 10 | February 8, 2018 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $134,000 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Freedom Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of the misrepresentations, Freedom Bank disbursed $134,000 in to WILLHOIT 's business bank account, on or about February 8, 2018. |
| 11 | November 30, 2017 | WILLHOIT submitted or caused to be submitted to Old Missouri Bank a "purchase agreement" in the amount of $165,000 for the purchase of a 1996, 911 Porsche with vehicle identification number WP0AC2995TS376193. The "purchase agreement" was purportedly signed by Kenneth M. Ross. In fact, the "purchase agreement" was not signed |

11

| | | by Ross and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Old Missouri Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement.   As a result of WILLHOIT's misrepresentations, Old Missouri Bank disbursed $148,500 into WILLHOIT 's business bank account, on or about November 30, 2017. |
|---|---|---|
| 12 | February 2, 2018 | WILLHOIT submitted or caused to be submitted to Wood and Huston Bank, a "purchase agreement" in the amount of $165,500 for the purchase of a 1996, 911 Porsche with vehicle identification number WP0AC2995TS376193. The "purchase agreement" was purportedly signed by Kenneth M. Ross.   In fact, the "purchase agreement" was not signed by Ross and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Wood and Huston Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement.   As a result of WILLHOIT's misrepresentations, Wood and Huston Bank disbursed $163,230 into WILLHOIT's business bank account, on or about February 2, 2018. |

## COUNTS THIRTEEN THROUGH TWENTY-FOUR
(False Statements to FDIC Bank-Title 18, United States Code, Section 1014)

### The Charges

27.   The factual allegations contained in paragraphs 1 through 26 of this indictment are incorporated by reference herein.

28.   On or about the dates cited below, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, **MICHAEL B. WILLHOIT**, knowingly made a material false statement or report for the purpose of influencing the action of financial institutions, to wit:

12

Old Missouri Bank, Wood and Huston Bank, Freedom Bank, OakStar Bank, and Bank of Missouri,

institutions whose accounts are insured by the FDIC, in connection with a loan for the purchase of

automobiles, and the disbursements of the monies of those loans to WILLHOIT by Old Missouri

Bank, Wood and Huston Bank, Freedom Bank, OakStar Bank, and Bank of Missouri, in that the

defendant submitted, or caused to be submitted, false, forged and fraudulent documents to Old

Missouri Bank, Wood and Huston Bank, Freedom Bank, OakStar Bank, and Bank of Missouri,

described in detail under each count charged, in order to induce or cause Old Missouri Bank, Wood

and Huston Bank, Freedom Bank, OakStar Bank, and Bank of Missouri to distribute or disburse a

portion of the loan amount to WILLHOIT, when in truth and in fact, as the defendant well knew,

the documents submitted were false, forged and fraudulent, all in violation of Title 18, United

States Code, Section 1014.

| COUNT | DATE | ACT OR ATTEMPTED ACT OF EXECUTION |
|-------|------|-----------------------------------|
| 13 | June 7, 2017 | WILLHOIT submitted or caused to be submitted to Old Missouri Bank a purchase agreement in the amount of $115,000 for the purchase of a 1997, 911 C2S Porsche with vehicle identification number WP0AA2990VS322745. The purchase agreement was purportedly signed by either David McCart or Robert Shillington.   In fact, the purchase agreement was not signed by either McCart or Shillington, and the purported sellers had not agreed to sell said vehicle on the date stated within the agreement.   WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Old Missouri Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement.   As a result of WILLHOIT's misrepresentations, Old Missouri Bank disbursed $103,752.50 into WILLHOIT 's business bank account, on or about June 7, 2017. |

Case 6:19-cr-03074-BP     Document 3     Filed 06/11/19     Page 13 of 24

| 14 | November 27, 2018 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $135,000 for the purchase of a 1997, 911 C2S Porsche with vehicle identification number WP0AA2990VS322745. The purchase agreement was purportedly signed by either David McCart or Robert Shillington. In fact, the purchase agreement was not signed by either McCart or Shillington, and the purported sellers had not agreed to sell said vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Freedom Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Freedom Bank disbursed $135,000 into WILLHOIT 's business bank account, on or about November 28, 2017. |
|---|---|---|
| 15 | July 30, 2015 | WILLHOIT submitted or caused to be submitted to OakStar Bank a "purchase agreement" in the amount of $61,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The purchase agreement was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell said vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the OakStar Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, OakStar Bank disbursed $61,000 into WILLHOIT's business bank account, on or about July 30, 2015. |
| 16 | January 29, 2016 | WILLHOIT submitted or caused to be submitted to Bank of Missouri a "purchase agreement" in the amount of $75,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The "purchase agreement" was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. |

| | | WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the Bank of Missouri to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, the Bank of Missouri disbursed $75,000 into WILLHOIT 's business bank account, on or about January 29, 2016. |
|---|---|---|
| 17 | October 18, 2016 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $77,500 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The "purchase agreement" was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Freedom Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Freedom Bank disbursed $77,000 into WILLHOIT 's business bank account, on or about October 18, 2016. |
| 18 | October 18, 2017 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $85,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The "purchase agreement" was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the Bank of Missouri to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, the Bank of Missouri disbursed $82,000 into WILLHOIT 's business bank account, on or about October 18, 2017. |

15

| 19 | January 11, 2018 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $166,500 for the purchase of a 1994, 911 Turbo Porsche with vehicle identification number WP0AC2960RS48 0086. In fact, the "purchase agreement" was purportedly signed by Phil J. Spell. The "purchase agreement" was not signed by Spell and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the Bank of Missouri to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Bank of Missouri disbursed $165,730 into WILLHOIT 's business bank account, on or about January 11, 2018. |
| :--- | :--- | :--- |
| 20 | April 27, 2017 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $150,000 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce the Bank of Missouri to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of the misrepresentations, WILLHOIT's Bank of Missouri disbursed $150,000 into WILLHOIT 's business bank account, on or about April 27, 2017. |
| 21 | June 23, 2017 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $119,500 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the |

16

| | | |
|---|---|---|
| | | aforementioned vehicle was false and contained material misrepresentations designed to induce Freedom Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Freedom Bank disbursed $109,380 in to WILLHOIT 's business bank account, on or about June 23, 2017. |
| 22 | February 8, 2018 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $134,000 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Freedom Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of the misrepresentations, Freedom Bank disbursed $134,000 into WILLHOIT 's business bank account, on or about February 8, 2018. |
| 23 | November 30, 2017 | WILLHOIT submitted or caused to be submitted to Old Missouri Bank a "purchase agreement" in the amount of $165,000 for the purchase of a 1996, 911 Porsche with vehicle identification number WP0AC2995TS376193. The "purchase agreement" was purportedly signed by Kenneth M. Ross. In fact, the "purchase agreement" was not signed by Ross and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Old Missouri Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement. As a result of WILLHOIT's misrepresentations, Old Missouri Bank disbursed $148,500 into WILLHOIT 's business bank account, on or about November 30, 2017. |

Case 6:19-cr-03074-BP    Document 3    Filed 06/11/19    Page 17 of 24

| 24 | February 2, 2018 | WILLHOIT submitted or caused to be submitted to Wood and Huston Bank, a "purchase agreement" in the amount of $165,500 for the purchase of a 1996, 911 Porsche with vehicle identification number WP0AC2995TS376193. The "purchase agreement" was purportedly signed by Kenneth M. Ross.   In fact, the "purchase agreement" was not signed by Ross and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle was false and contained material misrepresentations designed to induce Wood and Huston Bank to disburse the funds into WILLHOIT's business account, under a floor-plan agreement.   As a result of WILLHOIT's misrepresentations, Wood and Huston Bank disbursed $163,230 into WILLHOIT's business bank account, on or about February 2, 2018.          . |

## COUNTS TWENTY-FIVE THROUGH THIRTY-SIX
(Aggravated Identity Theft - Title 18, United States Code, Section 1028A)

### The Charges

29.    The factual allegations contained in paragraphs 1 through 26 and 28 of this indictment are incorporated by reference herein.

30.    On or about the dates cited below, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, **MICHAEL B. WILLHOIT**, knowingly possessed and used, without lawful authority, means of identification of another person, during and in relation to the offense of Bank Fraud in violation of Title 18, United States Code, Section 1344(1), and the offense of False Statement on a Loan Application, in violation of Title 18, United States Code, Section 1014, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Section 1028A(a)(1).

18

| COUNT | DATE | ACT OR ATTEMPTED ACT OF EXECUTION |
|-------|------|-----------------------------------|
| 25 | June 7, 2017 | WILLHOIT submitted or caused to be submitted to Old Missouri Bank a "purchase agreement" in the amount of $115,000 for the purchase of a 1997, 911 C2S Porsche with vehicle identification number WP0AA2990VS322745. In fact, the "purchase agreement" contained the names, addresses, and was purportedly signed by either David McCart or Robert Shillington. The "purchase agreement" was not signed by either McCart or Shillington, and the purported sellers had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from either McCart or Shillington was false and contained material misrepresentations, including a forged signature of the seller, designed to induce Old Missouri Bank to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |
| 26 | November 28, 2017 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $135,000 for the purchase of a 1997, 911 C2S Porsche with vehicle identification number WP0AA2990VS322745. The "purchase agreement" contained the names, addresses, and was purportedly signed by either David McCart or Robert Shillington. In fact, the "purchase agreement" was not signed by either McCart or Shillington, and neither of the purported sellers had agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from either McCart or Shillington was false and contained the name, address, and the forged signatures of McCart or Shillington, designed to induce Freedom Bank to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |

19

| 27 | July 30, 2015 | WILLHOIT submitted or caused to be submitted to OakStar Bank a "purchase agreement" in the amount of $61,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The "purchase agreement" contained the name, address, and was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Thomas was false and contained the name, address and the forged signature of Thomas, designed to induce OakStar Bank to fraudulently disburse funds to WILLHOIT's business account under a floor-plan agreement. |
|---|---|---|
| 28 | January 29, 2016 | WILLHOIT submitted or caused to be submitted to Bank of Missouri a "purchase agreement" in the amount of $75,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. In fact, the "purchase agreement" contained the name, address, and was purportedly signed by Foster Thomas. The "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Thomas was false and contained the name, address, and the forged signature of Thomas to induce the Bank of Missouri to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |
| 29 | October 18, 2016 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $77,500 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The "purchase agreement" contained the name, address, and was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Thomas was false and contained the name, address, and the forged signature of Thomas to induce the Freedom Bank to fraudulently disburse the funds to WILLHOIT's |

| | | |
|---|---|---|
| | | business account under a floor-plan agreement. |
| 30 | October 18, 2017 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $85,000 for the purchase of a 1983, 911 SC Porsche with vehicle identification number WP0AA0918DS121463. The "purchase agreement" was purportedly signed by Foster Thomas. In fact, the "purchase agreement" was not signed by Thomas and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Thomas was false and contained the name, address, and the forged signature of Thomas to induce the Bank of Missouri to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |
| 31 | January 11, 2018 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $166,500 for the purchase of a 1994, 911 Turbo Porsche with vehicle identification number WP0AC2960RS48 0086. In fact, the "purchase agreement" was purportedly signed by Phil J. Spell. The "purchase agreement" was not signed by Spell and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Thomas was false and contained the name, address, and the forged signature of Thomas to induce the Bank of Missouri to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |
| 32 | April 27, 2017 | WILLHOIT submitted or caused to be submitted to the Bank of Missouri a "purchase agreement" in the amount of $150,000 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Chen was false and contained the name, address, and the forged signature of Chen to |

21

| | | |
|---|---|---|
| | | induce the Bank of Missouri to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |
| 33 | June 23, 2017 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $119,500 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Chen was false and contained the name, address, and the forged signature of Chen to induce Freedom Bank to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |
| 34 | February 8, 2018 | WILLHOIT submitted or caused to be submitted to Freedom Bank a "purchase agreement" in the amount of $134,000 for the purchase of a 2007, GT3 RS Porsche with vehicle identification number WP0AC29957S792864. The "purchase agreement" was purportedly signed by Michael Chen. In fact, the "purchase agreement" was not signed by Chen and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Chen was false and contained the name, address, and the forged signature of Chen to induce Freedom Bank to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |
| 35 | November 30, 2017 | WILLHOIT submitted or caused to be submitted to Old Missouri Bank a "purchase agreement" in the amount of $165,000 for the purchase of a 1996, 911 Porsche with vehicle identification number WP0AC2995TS376193. The "purchase agreement" was purportedly signed by Kenneth M. Ross. In fact, the "purchase agreement" was not signed by Ross and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the |

22

| | | aforementioned vehicle from Ross was false and contained the name, address, and the forged signature of Ross to induce Old Missouri Bank to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |
|---|---|---|
| 36 | February 2, 2018 | WILLHOIT submitted or caused to be submitted to Wood and Huston Bank, a "purchase agreement" in the amount of $165,500 for the purchase of a 1996, 911 Porsche with vehicle identification number WP0AC2995TS376193. The "purchase agreement" was purportedly signed by Kenneth M. Ross.   In fact, the "purchase agreement" was not signed by Ross and the purported seller had not agreed to sell the vehicle on the date stated within the agreement. WILLHOIT knew that the "purchase agreement" to buy the aforementioned vehicle from Ross was false and contained the name, address, and the forged signature of Ross to induce Wood and Huston Bank to fraudulently disburse the funds to WILLHOIT's business account under a floor-plan agreement. |

## **FORFEITURE ALLEGATION**

31.     The allegations of Counts 1 through 24 in this indictment are hereby repeated and re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provision of Title 18, United States Code, Section 982, 1967(c)(7), 1961(1), and Title 28, United States Code, Section 2461(c).

32.     The property, real and personal, of the defendant **MICHAEL B. WILLHOIT**, obtained, directly or indirectly, as a result of the violation of law set out in Counts 1 through 24 of this indictment and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in Counts 1 through 24 of this indictment, are subject to forfeiture pursuant to Title 18, United States Code, Section 982.

33.     Specifically, subject to forfeiture is a monetary judgment that constitutes the sum

23

of the aggregate proceeds of the fraudulent scheme in United States Currency that resulted directly from the commission of the offenses alleged in Counts 1 through 24 in the amount of at least $1,404,000.

34.     If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

(A)     cannot be located upon the exercise of due diligence;

(B)     has been transferred to, sold to, or deposited with a third person;

(C)     has been placed beyond the jurisdiction of the Court;

(D)     has been substantially diminished in value; and/or

(E)     has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 33 above, or elsewhere, as being subject to forfeiture.

**A TRUE BILL**

*/s/ Katherine Bakesz*
FOREPERSON OF THE GRAND JURY

*/s/ Patrick Carney*
PATRICK A. N. CARNEY
Assistant United States Attorney

DATED:      06/11/2019

24